989 F.2d 1201
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DREXELBROOK CONTROLS, INC., Plaintiff-Appellant,
v.
ENDRESS + HAUSER, INC. and Process Specialties, Inc.,
Defendants/Cross-Appellants.
 Nos. 92-1234, 92-1235.
 United States Court of Appeals, Federal Circuit.
 Feb. 4, 1993.
 
 Before MICHEL, CLEVENGER and SCHALL, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 This action involves an appeal from the denial of both parties' respective motions for JNOV[1] or in the alternative for a new trial in the November 29, 1991 order of the United States District Court for the Eastern District of Virginia, Civil No. 91-0322-A. Plaintiff-Appellant, Drexelbrook Controls, Inc. ("Drexelbrook"), appeals the denial of its JNOV motion for infringement of United States Patent No. 4,146,834 ("the '834 patent"), issued to Maltby, et al. on March 27, 1979, and alternatively appeals the denial of its motion for a new trial. The jury returned a verdict finding the '834 patent not invalid and not infringed. Defendants/Cross-Appellants, Endress + Hauser, Inc. and Process Specialties, Inc. (collectively "E+H"), cross-appeal the denial of their JNOV motion for noninfringement of United States Patent No. 4,166,388 ("the '388 patent"), issued to Sun, et al. on September 4, 1979, and alternatively appeal the denial of their motion for a new trial. The jury returned a verdict finding the '388 patent not invalid and willfully infringed under the doctrine of equivalents by E+H.[2] We find that the district court correctly denied JNOV seeking to reverse the jury verdict of noninfringement of the '834 patent and incorrectly denied JNOV seeking to reverse the jury verdict of willful infringement under the doctrine of equivalents of the '388 patent. Therefore, we affirm-in-part and reverse-in-part.
 
 DISCUSSION
 I. The '834 Patent
 
 2
 On appeal, Drexelbrook argues that the court erred in denying its motion for JNOV seeking to reverse the jury verdict of noninfringement of the '834 patent. To prevail, Drexelbrook must show that "either the jury's factual findings are not supported by substantial evidence, or if they are, that those findings cannot support the legal conclusions which necessarily were drawn by the jury in forming its verdict." Verdegaal Bros., Inc. v. Union Oil Co., 814 F.2d 628, 631, 2 USPQ2d 1051, 1052 (Fed.Cir.), cert. denied, 484 U.S. 827 (1987). Drexelbrook must also show that it met its burden of proving infringement. Railroad Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 1511-12, 220 USPQ 929, 935 (Fed.Cir.), cert. denied, 469 U.S. 871 (1984).
 
 
 3
 The jury's finding of noninfringement of the '834 patent turns on the interpretation of the claim terms "admittance responsive network" and "output means." Drexelbrook asserts that because claim interpretation is a legal question, we may freely review this issue. See Intervet Am., Inc. v. Kee-Vet Lab., Inc., 887 F.2d 1050, 1053, 12 USPQ2d 1474, 1476 (Fed.Cir.1989).
 
 
 4
 Although claim interpretation is a question of law, in cases such as this where the claim terms in issue involve complex scientific principles and conflicting expert testimony, an underlying question of fact is created. Tol-O-Matic v. Proma Produkt-Und Mktg., 945 F.2d 1546, 1549-52, 20 USPQ2d 1332, 1336 (Fed.Cir.1991); Howes v. Medical Components, Inc. 814 F.2d 638, 643, 2 USPQ2d 1271, 1273 (Fed.Cir.1987). In such cases where there is conflicting testimony and argument on material fact issues, due deference must be given to the decision of the jury and trial judge. Shatterproof Glass Corp. v. Libbey-Owens Ford Co., 758 F.2d 613, 619, 225 USPQ 634, 636 (Fed.Cir.1985), cert. dismissed, 474 U.S. 976 (1986).
 
 
 5
 In light of the amount of evidence presented to support both sides' respective interpretations of the claim terms in issue, we conclude that there is substantial evidence supporting the jury's verdict of noninfringement. The district court correctly denied Drexelbrook's motion for JNOV.
 
 
 6
 Drexelbrook also claims that the district court committed reversible error in denying its motions to strike certain expert testimony and to exclude one of E+H's trial exhibits. Drexelbrook claims that the admission of this evidence was so prejudicial as to warrant a new trial. The admission of exhibits and expert testimony to aid in the interpretation of a patent is within the discretion of the trial judge. Seattle Box Co., Inc. v. Industrial Crating & Packing, 731 F.2d 818, 826, 221 USPQ 568, 573 (Fed.Cir.1984). As the trial judge noted in denying these motions, Drexelbrook had ample opportunity to challenge both the exhibit and the expert testimony on cross-examination. We find no abuse of discretion in the trial judge's rulings on these motions.
 
 II. The '388 Patent
 
 7
 E+H asserts that the district court erred in denying its motion for JNOV seeking to reverse the jury's verdict of willful infringement under the doctrine of equivalents of the '388 patent. E+h argues that Drexelbrook failed to make the required evidentiary showing of substantial identity as to each of the Graver Tank elements, i.e., function, way and result, to sustain the jury's verdict. Graver Tank and Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605 (1950).
 
 
 8
 Although a patentee is not required to recite the magic words of function, way, and result, at a minimum it is necessary to present to the jury "evidence to establish what the function, way, and result of both the claimed device and the accused device are, and why those functions, ways, and results are substantially the same." Malta v. Schulmerich Carillons Inc., 952 F.2d 1320, 1327 n. 5, 21 USPQ2d 1161, 1166 n. 5 (Fed.Cir.1991), cert. denied, 112 S.Ct. 2942 (1992) (emphasis in original); see also Lear Siegler Inc. v. Sealy Mattress Co., 873 F.2d 1422, 1425, 10 USPQ2d 1767, 1770 (Fed.Cir.1989); Nestier Corp. v. Menasha Corp.-Lewisystems Div., 739 F.2d 1576, 1579, 222 USPQ 747, 750 (Fed.Cir.1984), cert. denied, 470 U.S. 1053 (1985).
 
 
 9
 At the oral hearing during which the district court denied E+H's JNOV motion, the trial judge stated:
 
 
 10
 [T]his was not an easy issue. I wondered why in the world [Drexelbrook's expert witness] wasn't asked the regular formula. It would have eased things considerably. He was not. However, I think in the laborious description of what everything did, ..., that in essence the same testimony came out with his conclusion. I think the jury is entitled to draw that inference. However, it was a close case.
 
 
 11
 In light of this statement acknowledging that evidence directed to all three elements of equivalency was not presented and that the jury was required to arrive at its conclusion by inference, the judge erred in denying E+H's JNOV motion. The only evidence relied on by Drexelbrook to support its doctrine of equivalents case was Dr. Moore's expert testimony. That testimony was flawed for several reasons. Dr. Moore's testimony made no attempt to compare the track means element of the accused device, in which the probe was fixedly held in place with a double headed rivet, to the claimed invention having a track means in which the probe is "removably received." Nor did that testimony show why the track means of the accused device performed substantially the same function in substantially the same way to achieve substantially the same result as the track means of the claimed invention. Furthermore, it was not obvious why the accused device having a nonremovable probe and track assembly was equivalent to the claimed device having a removable probe and track assembly. It is apparent that the evidence presented did not meet the requirements of Malta under any interpretation of that case. Malta, 952 F.2d at 1327, 21 USPQ2d at 1166 (A case without evidence comparing the functions, ways, and results of the claim limitations to the accused device may not go to the jury.).
 
 
 12
 Equally dispositive is the fact that Dr. Moore's testimony was fundamentally flawed because it was not directed to the actual accused device, but instead, it described an altered version of the accused device with the rivet removed. A finding of infringement cannot be based on an altered device. Infringement requires that all of the claim limitations be embodied in the actual accused device. Becton Dickinson and Co. v. C.R. Bard, Inc., 922 F.2d 792, 798, 17 USPQ2d 1097, 1101 (Fed.Cir.1990). We therefore reverse.
 
 III. Rule 38 Sanctions
 
 13
 We deny E+H's request for sanctions under Rule 38, because we conclude that E+H has not met its burden of showing that the appeal was either frivolous as filed or frivolous as argued.
 
 COSTS
 
 14
 Each party shall bear its own costs.
 
 
 
 [1]
 Both parties moved for a directed verdict at trial, thus preserving their respective rights to move for JNOV
 
 
 [2]
 There was a third patent in suit, United States Patent No. 3,993,947, issued to Maltby et al. on November 23, 1976, which was also held by the jury to be not invalid and not infringed. That patent is not at issue in this appeal